UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE ANNUITY, WELFARE, APPRENTICESHIP SKILL
IMPROVEMENT & SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,          **AFFIDAVIT IN SUPPORT**
LOCAL 15, 15A, 15C and 15D, AFL-CIO by its TRUSTEES  **OF DEFAULT JUDGMENT**
JAMES T. CALLAHAN, WILLIAM H. HARDING,
LYNN A. MOUREY and ROBERT SHAW, and JOHN and         07-CIV-10342 (PAC)
JANE DOE, as Beneficiaries of the ANNUITY, WELFARE,
APPRENTICESHIP SKILL IMPROVEMENT & SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO,

Plaintiffs,

-against-

CAR-WIN CONSTRUCTION, INC.,

Defendant.
-------------------------------------------------------------------------X

JAMES M. STEINBERG, being duly sworn, deposes and says:

1.    I am a member of the law firm of BRADY McGUIRE & STEINBERG, P.C.,

attorneys for the Plaintiffs in the above-entitled action and am fully familiar with all the facts and

circumstances of this action.

2.    I make this affidavit pursuant to Rules 55.1 and 55.2(a) of the Civil Rules for the

Southern District of New York in support of the Plaintiffs' application for the entry of a default

judgment against Defendant CAR-WIN CONSTRUCTION, INC.

3.    This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") to recover delinquent fringe benefit

contributions owed to the ANNUITY, WELFARE and APPRENTICESHIP SKILL

IMPROVEMENT & SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING

ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO (the "LOCAL 15 FRINGE BENEFIT FUNDS").

    4.     The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

    5.     This action was commenced on November 15, 2007 by the filing of the Summons and Complaint. A copy of the Summons and Complaint was served on Defendant CAR-WIN CONSTRUCTION, INC. on December 18, 2007, by a Process Server who personally served Donna Christie, an authorized agent in the office of the New York State Secretary of State. Proof of said service was filed with the court on December 26, 2007 through the ECF System. (A copy of the Summons and Complaint, along with the Proof of Service is annexed hereto as Exhibit "A".)

    6.     On August 2, 2007 an audit was conducted of the Defendant's payroll records and a report subsequently issued on September 14, 2007, identifying a remaining outstanding fringe benefit deficiency as being owed to the LOCAL 15 FRINGE BENEFIT FUNDS in the amount of $27,776.88. (A copy of the audit report is annexed hereto as Exhibit "B".)

    7.     Despite the Plaintiffs' repeated demands that the deficiency be satisfied, no portion of the remaining scheduled deficiency has been collected from the Defendant and this amount remains outstanding.

    8.     As a result of the Defendant failing to satisfy the scheduled deficiency, and not otherwise answering nor otherwise moving against the Complaint, and that said Defendant's time to do so has expired, the Plaintiff LOCAL 15 FRINGE BENEFIT FUNDS respectfully request the monetary relief detailed hereafter as against said Defendant be ordered.

9.  Plaintiffs suggest that they are entitled to damages as follows:

   (a)  $27,776.88 in delinquent contributions due and owing to the LOCAL 15
        FRINGE BENEFIT FUNDS in accordance with ERISA, 29 U.S.C. Section
        1132(g)(2)(A);

   (b)  $5,774.56 in interest on the principal sum of $27,776.88 calculated at
        the rate of 8.25% per year, running from July 1, 2005 through January 7, 2008
        in accordance with ERISA, 29 U.S.C. Section 1132(g)(2)(B) which
        prescribes that interest shall accrue at the rate provided under the Plan or, if
        none, the rate prescribed under Section 6621 of the Internal Revenue Code.
        Herein, the Plans provide for an interest rate of 1% over the prime rate which
        is currently 7.25%;

   (c)  $5,774.56 in statutory damages on the principal sum of $27,776.88
        calculated at the rate of 8.25% in accordance with ERISA, 29 U.S.C. Section
        1132(g)(2)(C)(ii);

   (d)  $1,638.75 in attorneys' fees in accordance with ERISA, 29 U.S.C. Section
        1132(g)(2)(D); and

   (e)  $452.79 in costs and disbursements in accordance with ERISA, 29 U.S.C.
        Section 1132(g)(2)(D).

Amounting in all to $41,417.54, as shown by the annexed Statement of Damages, which is justly

due and owing, and no part of which has been paid except as therein set forth.

10.  The disbursements sought to be taxed have been made in this action or will

necessarily be made incurred herein.

11.  The statutory damages identified herein are authorized by ERISA, 29 U.S.C. Section

1132(g)(2)(C)(ii) and attorneys' fees are authorized by ERISA, 29 U.S.C. Section 1132(g)(2)(D).

12.  The sum of $1,638.75 represents my law firm's charges to the client, the LOCAL 15

FRINGE BENEFIT FUNDS, for legal services in connection with this litigation. My services are

billed at $285.00 per hour.

13.  On daily time sheets I detail the specific services I perform on behalf of the client

which includes: the date of an activity; the specific activity or activities engaged in; the initials

identifying the person that performed the work; and the amount of time expended. This information is thereafter maintained by the law firm in its permanent records and transferred to monthly billing invoices sent to the client. (Annexed hereto as Exhibit "C" is a synopsis of the legal services performed on behalf of this client).

14.     I have reviewed Exhibit "C" and it accurately reflects the expenditure of my time r in this case. In fact, the total number of hours expended by us on behalf of the Plaintiffs is recorded on Exhibit "C" for which compensation is sought as follows: James M. Steinberg ("JMS")—5.75 hours.

15.     A lodestar amount, if calculated by multiplying the number of hours reasonably expended by the aforementioned hourly rate, would result in a fee as follows:  James M. Steinberg, 5.75 hours *times* $285.00 = $1,638.75.

16.     I hereby submit that the services for which I seek compensation were reasonable and necessary under the circumstances.  I further submit that these attorneys' fees may be awarded by the Court in the sound exercise of its discretion in light of the following factors:

> (a)     The fact that attorneys' fees may be awarded pursuant to ERISA, 29 U.S.C. Section 1132(g)(2)(D);
>
> (b)     The Defendant's clear and inexcusable culpability in this matter;
>
> (c)     The amount to be paid in attorneys' fees is reasonable;
>
> (d)     The fact that it would be grossly inequitable to require the Plaintiffs to absorb the cost of Defendant's clear and intentional disregard of its contractual and legal responsibilities; and
>
> (e)     The fact that an award of attorneys' fees will underline the seriousness of offenses against ERISA Funds and prove a deterrent to delinquencies on the part of this and other employers in the future.

17.     The relief sought herein has not previously been requested.

**WHEREFORE**, the Plaintiffs request the entry of Default and the entry of the annexed

Judgment against Defendant CAR-WIN CONSTRUCTION, INC.

JAMES M. STEINBERG

Sworn to before me this
7th day of January, 2008

Notary Public

Matthew G. McGuire
Notary Public, State of New York
No. 02MC5085290
Qualified in Rockland County
Commission Expires July 26, 20___

EXHIBIT "A"

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

The Annuity, Welfare and Apprenticeship Skill
Improvement & Safety Funds of the International
Union of Operating Engineers Local 15, 15A, 15C
& 15D, AFL-CIO et al.

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

Car-Win Construction, Inc.

## '07 CIV 10342

TO: (Name and address of defendant)

Car-Win Construction, Inc.
1361A Monmouth Road
Eastampton, New Jersey 08060

JUDGE CROTTY

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

BRADY McGUIRE & STEINBERG, P.C.
603 WARBURTON AVENUE
HASTINGS-ON-HUDSON, NEW YORK 10706

an answer to the complaint which is herewith served upon you, within _____ Twenty (20) _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. Michael McMahon

CLERK                    CLERK

NOV 1 5 2007

DATE

(BY) DEPUTY CLERK

## AFFIDAVI. OF SERVICE BY THE SECRETARY OF STATE

Index # 07 CIV 10342
State of New York                                    U. S. District Court
Attorney: Brady McGuire & Steinberg, P.C. , Ph:914-478-4293
Address: 603 Warburton Avenue , Hastings-on-Hud , NY 10706

Purchased/Filed: November 15, 2007
Southern New York County

The Annuity, Welfare and Aprrenticeship Skill Improvement & Safety Funds, etc., et al        Plaintiff

against

Car-Win Construction, Inc.                                                        Defendant

STATE OF NEW YORK    )
COUNTY OF FULTON     )   SS

Gerald Skinner , being duly sworn, deposes and says: deponent is over the age of twenty-one (21) years; that on December 18, 2007 , at 8:35AM , at the office of the Secretary of State of the State of New York in the City of Albany, New York, deponent served the annexed

Summons in a Civil Case and Complaint

_____ , on

Car-Win Construction, Inc.

Defendant in this action, by delivering to and leaving with        Donna Christie
AUTHORIZED AGENT in the Office of the Secretary of State of the State of New York, personally at the Office of the Secretary of State of the State of New York, one (1) true copy thereof and that at the time of making such service, deponent paid said Secretary of State a fee of    40.00    dollars; that said service was made pursuant to Section 307 Business Corporation Law ; via Registered Mail sent on  December 18, 2007 , receipt attached.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.
Description of the person served: Approx. Age:  35    Approx. weight:  160    Approx. Ht.:  5'6"
Sex: Female    Color of skin: White    Color of hair: Blonde    Other:

Sworn to before me on this  18th  day of  December, 2007

TAMMY SKINNER
NOTARY PUBLIC, State of New York
01SK6024054
May, 03 2011

Gerald Skinner

Invoice•Work Order # 062571

*U.S. PROCESS SERVICE INC. - 7 CENTRAL PARK AVENUE, YONKERS, NEW YORK 10705*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
THE ANNUITY, WELFARE, APPRENTICESHIP SKILL
IMPROVEMENT & SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 15, 15A, 15C and 15D, AFL-CIO, by its TRUSTEES
JAMES T. CALLAHAN, FRANCIS P. DIMENNA, ROBERT
SHAW and RUSSELL SHAW, and JOHN and JANE DOE,
as Beneficiaries of the ANNUITY, WELFARE and
APPRENTICESHIP SKILL IMPROVEMENT & SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO,



**COMPLAINT**

07-CIV-

'07 CIV 10342

Plaintiffs,

-against-

**JUDGE CROTTY**

CAR-WIN CONSTRUCTION, INC.,

Defendant.
-------------------------------------------------------------------------X

Plaintiffs, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their

Complaint, respectfully allege:

1.      This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to recover delinquent contributions owed

to multi-employer/employee fringe benefit trust funds.

**JURISDICTION**

2.      The subject matter jurisdiction of this Court is invoked pursuant to Sections 502

and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

3.      Venue is properly laid in the Southern District of New York pursuant to Section

502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below, the ANNUITY,

WELFARE, APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS of the

INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO ("LOCAL 15") are administered in the County of New York, State of New York at 265 West 14th Street, City and County of New York, State of New York.

## THE PARTIES

4.     The LOCAL 15 ANNUITY, WELFARE, APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS (hereinafter collectively referred to as the "LOCAL 15 TRUST FUNDS") are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186.  The Trustees of the LOCAL 15 TRUST FUNDS maintain the subject plans at offices located at 265 West 14th Street, New York, New York 10011.

5.     JAMES T. CALLAHAN, FRANCIS P. DIMENNA, ROBERT SHAW and RUSSELL SHAW are Trustees of the LOCAL 15 ANNUITY, WELFARE, APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.     The LOCAL 15 TRUST FUNDS also operate as the administrative representative of the Central Pension Fund of the International Union of Operating Engineers responsible for the collection of defined pension benefit contributions owed by entities maintaining collective bargaining agreements with LOCAL 15.

7.     The LOCAL 15 ANNUITY FUND is an employee pension benefit plan within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2), established for the purpose of providing retirement income to employees.

8.     The LOCAL 15 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS, are employee welfare benefit plans within the meaning of Section 3(1)

of ERISA, 29 U.S.C. § 1002(1), established for the purpose of providing medical, vacation and other benefits to the employees of contributing employers.

9.     JOHN and JANE DOE are beneficiaries of the LOCAL 15 TRUST FUNDS within the meaning of Section 3(8) of ERISA, 29 U.S.C. § 1002(8).

10.     The LOCAL 15 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

11.     Upon information and belief, Defendant, CAR-WIN CONSTRUCTION, INC. ("CAR-WIN") was and still is a New York corporation, with its principal place of business located at 1361A Monmouth Road, Eastampton, New Jersey 08060.

12.     Upon information and belief, CAR-WIN was and still is a foreign corporation duly licensed to do business in the State of New York.

13.     Upon information and belief, CAR-WIN was and still is a foreign corporation doing business in the State of New York.

14.     Upon information and belief, CAR-WIN is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

### AS AND FOR A FIRST CAUSE OF ACTION

15.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 14 inclusive, with the same force and effect as though more fully set forth at length herein.

16.     At all relevant times, CAR-WIN agreed to be bound by the terms and conditions of a collective bargaining agreement with LOCAL 15 dated August 1, 1990 (hereinafter the "Collective Bargaining Agreement").

17. In accordance with the underlying Collective Bargaining Agreement and the Plan Documents, the Defendant consented to the performance of an audit of CAR-WIN'S books and records to determine whether the Defendant had made all of its required fringe benefit contributions to the LOCAL 15 TRUST FUNDS in accordance with the Collective Bargaining Agreement on behalf of the members of LOCAL 15 within its employ for the period of August 1, 2002 through June 30, 2005.

18. That on or about September 14, 2007, the results of said audit were detailed by the Plaintiff's auditor which determined that the Defendant had failed to provide the contractually required fringe benefit contributions for the members of LOCAL 15 in its employ for the period of August 1, 2002 through June 30, 2005 in the amount of $27,776.88.

19. Upon information and belief, CAR-WIN has failed to make the contractually required fringe benefit contributions to the LOCAL 15 TRUST FUNDS for the period of August 1, 2002 through June 30, 2005 in the amount of $27,776.88 in violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

20. Upon information and belief, CAR-WIN may owe additional contributions for the period of July 1, 2005 through Present as required by Section 515 of ERISA, 29 U.S.C. § 1145. The precise figure for the period of July 1, 2005 through Present cannot be determined because the Defendant may not have filed accurate employment reports for those months in which it was required to make contributions as required by the Collective Bargaining Agreement and Section 209 of ERISA, 29 U.S.C. § 1059.

21. Despite repeated efforts by the LOCAL 15 TRUST FUNDS to collect the contributions owed, CAR-WIN remains delinquent in making the proper contributions and has

failed to pay any portion of the outstanding contributions owed to the LOCAL 15 TRUST FUNDS as detailed above.

22.     Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

23.     Accordingly, as a direct and proximate result of CAR-WIN'S defaults, omissions and breaches of the Collective Bargaining Agreement and Section 515 of ERISA, Defendant CAR-WIN is liable to the Plaintiffs in the amount of no less than $27,776.88 along with potentially additional contributions for the subsequent period not covered by the audit, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

## AS AND FOR A SECOND CAUSE OF ACTION

24.     Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 23 inclusive, with the same force and effect as though more fully set forth at length herein.

25.     Under the terms of the Collective Bargaining Agreement and ERISA, an employer is required to make payments to the LOCAL 15 TRUST FUNDS and the Central Pension Fund based upon an agreed sum or percentage for each employee hour of its hourly payroll worked or

wages paid, and to report such employee hours and wages to the LOCAL 15 TRUST FUNDS and the Central Pension Fund.

26.     Under the terms of the LOCAL 15 TRUST FUNDS' Agreements, the Central Pension Fund's Trust Fund Agreement, State law and ERISA, Plaintiffs are entitled to audit CAR-WIN'S books and records.

27.     Upon information and belief, Defendant may have underreported the number of employees, the amount of employee hours and wages paid to its employees and the contributions due for the period of July 1, 2005 through Present.

28.     Plaintiffs therefore demand an audit of CAR-WIN'S books and records.

WHEREFORE, Plaintiffs demand judgment on the First Cause of Action as follows:

1.     Of Defendant CAR-WIN CONSTRUCTION, INC., in the amount of contributions determined to be due and owing to the Funds of $27,776.88, plus any additional monies that may be determined to become justly due and owing to the LOCAL 15 TRUST FUNDS during the pendency of this action and before final judgment, together with:

a.     Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendants, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

b.     Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

c.     Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

d.     Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

WHEREFORE, Plaintiffs demand judgment on the Second Cause of Action as follows:

1.    An order requiring Defendant CAR-WIN CONSTRUCTION, INC. to submit all books and records to Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E);

2.    Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Hastings-on-Hudson, New York
        November 14, 2007

Yours, etc.

BRADY McGUIRE & STEINBERG, P.C.

By:    James M. Steinberg (JS-3515)
       Attorneys for Plaintiffs
       603 Warburton Avenue
       Hastings-on-Hudson, New York 10706
       (914) 478-4293

EXHIBIT "B"

# Schultheis&Panettieri, LLP
### CERTIFIED PUBLIC ACCOUNTANTS

Please Reply to:
210 Marcus Boulevard
Hauppauge, NY 11788-3740
Telephone:  (631) 273-4778
Fax:          (631) 273-3488

39 Broadway, Ste. 2250
New York, NY 10006-3061
Telephone:  (212) 422-4045

http://www.snpcpa.com

Vincent Panettieri, C.P.A.
Carol Westfall, C.P.A.
Vincent F. Panettieri, C.P.A.
Max Capone, C.P.A.
James M. Heinzman, C.P.A.
Patricia C. Bates, C.P.A.
Donna Panettieri, C.P.A.
Daniel L. James, C.P.A.
Peter M. Murray, C.P.A.

INDEPENDENT ACCOUNTANTS' REPORT
ON APPLYING AGREED-UPON PROCEDURES

Board of Trustees
c/o Mr. Patrick Keenan
International Union of Operating Engineers
   Local 15, 15A, 15C, 15D Benefit Funds
265 West 14th Street
New York, NY 10011

Re:  Payroll Audit:  Car-Win Construction, Inc.
     August 1, 2002 – June 30, 2005

We have performed the procedures enumerated, which were agreed to by the management of the International Union of Operating Engineers Local 15, 15A, 15C, 15D Benefit Funds (the "Funds"), solely to assist you with respect to determining whether employer contributions provided by Car-Win Construction, Inc. (the "Employer") on behalf of Funds' participants for the period August 1, 2002 through June 30, 2005 were made in accordance with collective bargaining agreements.  The management of the Funds is responsible for the collection of employer contributions.  This agreed-upon procedures engagement was conducted in accordance with attestation standards established by the American Institute of Certified Public Accountants.  The sufficiency of the procedures is solely the responsibility of those parties specified in this report.  Consequently, we make no representation regarding the sufficiency of the procedures described below either for the purpose for which this report has been requested or for any other purpose.

A.  **Procedure:**  Gross wages reported in Employer's payroll records were compared to federal and state payroll tax filings.  Any discrepancies that aggregate $500.00 or more, per quarter, will be reported.

   **Finding:**  No exceptions were found as a result of applying the procedure.

B.  **Procedure:**  Total payroll hours for participants were compared to total stamp purchases and total stamp redemptions. Total payroll hours include hours for participants redeeming stamps, or appearing on remittance reports. Any stamp hours not redeemed at the time the procedures were performed were credited to the appropriate participant, provided the Employer's records indicated who received unredeemed stamps. Any discrepancies that aggregate 20 hours or more for an individual participant in a stamp year will be reported.

Finding: Exceptions were found as a result of applying the procedure. A fringe benefit deficiency totaling $27,776.88 was scheduled. (See Appendix A.)

C.  **Procedure:**  Employer's cash disbursement journal was reviewed for transfers to related companies and non-payroll disbursements to participants. All transfers to related companies will be reported. Any non-payroll disbursements to participants that aggregate $500.00 or more, per calendar year, will be reported.

Finding: No exceptions were found as a result of applying the procedure.

We were not engaged to and did not conduct an audit, the objective of which would be the expression of an opinion on whether employers remitted contributions to the Funds in accordance with the various collective bargaining agreements. Accordingly, we do not express such an opinion. Had we performed additional procedures, other matters might have come to our attention that would have been reported to you.

This report is intended solely for the information and use of the Funds, and is not intended and should not be used by anyone other than those specified parties.

SCHULTHEIS & PANETTIERI, LLP
Hauppauge, New York

REPORT DATE: August 2, 2007

ISSUE DATE: September 14, 2007

/ew
Encs.
cc: James Callahan, Local 15
    Ron Koriniskie, Local 15
    James Steinberg, Esq.

## LOCAL 15

| | |
|---|---|
| Employer | CAR-WIN CONSTRUCTION, INC |
| Address | 1361A MONMOUTH RD., EASTAMPTON, NJ 08060 |
| Mail Recap To | 1361A MONMOUTH RD., EASTAMPTON, NJ 08060 |
| Telephone # | 609-518-6810    Ext.    Fax #    609-518-6813 |
| Email Address | |
| Contact | FRANK P. VALENTINO    Position    CPA |
| Principal | Position |
| Audit Period | 08/01/2002 - 06/30/2005 |

Due local 15, 15A                                $          27,776.88

Total Amount Due                                 $          27,776.88

APPENDIX A

# LOCAL 15A FRINGE BENEFIT DEFICIENCY

CAR-WIN CONSTRUCTION, INC

Audit Period From 08/01/2002 To 06/30/2005

| Period NAME | SSN | P/R Hours | | Redeemed Hours | | Difference | |
|---|---|---|---|---|---|---|---|
| | | Reg | DT | Reg | DT | Reg | DT |
| **08/01/2002 - 06/30/2003** | | | | | | | |
| **5, 15A** | | | | | | | |
| COSENTINO * JOHN | 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 | 16.00 | 5.00 | 0.00 | 0.00 | 16.00 | 5.00 |
| DOBISH * CHAD | 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 | 112.00 | 34.50 | 8.00 | 1.50 | 104.00 | 33.00 |
| VERGONA * MICHAEL | 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 | 109.00 | 1.50 | 87.00 | 1.50 | 22.00 | 0.00 |
| | | 237.00 | 41.00 | 95.00 | 3.00 | 142.00 | 38.00 |
| CREDIT FOR UNREDEEMED HOURS | | | | | | 0.00 | 0.00 |
| TOTAL HOURS DUE | | | | | | 142.00 | 38.00 |
| FRINGE BENEFIT RATE | | | | | | 18.20 | 32.75 |
| FRINGE BENEFIT DEFICIENCY | | | | | | 2,584.40 | 1,244.50 |
| TOTAL AMOUNT DUE 8/1/02 - 6/30/03 | | | | | | | $ 3,828.90 |
| **07/01/2003 - 06/30/2004** | | | | | | | |
| **15, 15A** | | | | | | | |
| HAGERSTROM * KRISTOFER | 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 | 104.00 | 71.50 | 16.00 | 5.50 | 88.00 | 66.00 |
| LOCKE * MARTIN | 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 | 108.00 | 19.00 | 8.00 | 1.50 | 100.00 | 17.50 |
| MAGGIO * ANTHONY | 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 | 108.00 | 30.50 | 16.00 | 2.50 | 92.00 | 28.00 |
| MCNALLY * VINCENT | 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 | 272.00 | 26.50 | 240.00 | 19.00 | 32.00 | 7.50 |
| RAO * JOSEPH | 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 | 240.00 | 3.00 | 144.00 | 2.50 | 96.00 | 0.50 |
| WARREN * THOMAS | 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 | 128.00 | 27.00 | 24.00 | 9.00 | 104.00 | 18.00 |
| | | 960.00 | 177.50 | 448.00 | 40.00 | 512.00 | 137.50 |
| CREDIT FOR UNREDEEMED HOURS | | | | | | -32.00 | -8.00 |
| TOTAL HOURS DUE | | | | | | 480.00 | 129.50 |
| FRINGE BENEFIT RATE | | | | | | 18.95 | 34.00 |
| FRINGE BENEFIT DEFICIENCY | | | | | | 9,096.00 | 4,403.00 |
| TOTAL AMOUNT DUE 7/1/03 - 6/30/04 | | | | | | | $ 13,499.00 |
| **07/01/2004 - 06/30/2005** | | | | | | | |
| **5, 15A** | | | | | | | |
| CALUSE * ANDREW | 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 | 200.00 | 38.00 | 176.00 | 27.50 | 24.00 | 10.50 |
| HAGERSTROM * KRISTOFER | 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 | 295.00 | 121.00 | 72.00 | 29.00 | 223.00 | 92.00 |
| KEANE * ROBERT | 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 | 32.00 | 17.50 | 16.00 | 12.00 | 16.00 | 5.50 |
| PALADINO * JAMES | 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 | 88.00 | 7.50 | 40.00 | 6.00 | 48.00 | 1.50 |

9/11/2007

APPENDIX A

## CAR-WIN CONSTRUCTION, INC
### Audit Period From 08/01/2002 To 06/30/2005

| Period | NAME | SSN | P/R Hours | | Redeemed Hours | | Difference | |
|---|---|---|---|---|---|---|---|---|
| | | | Reg | DT | Reg | DT | Reg | DT |
| | WARREN * THOMAS | 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 | 88.00 | 42.50 | 72.00 | 36.00 | 16.00 | 6.50 |
| | | | 703.00 | 226.50 | 376.00 | 110.50 | 327.00 | 116.00 |

CREDIT FOR UNREDEEMED HOURS                                                    -8.00        -2.50

TOTAL HOURS DUE                                                               319.00       113.50

FRINGE BENEFIT RATE                                                           20.00        35.85

FRINGE BENEFIT DEFICIENCY

TOTAL AMOUNT DUE 7/1/04 - 6/30/05                                           6,380.00     4,068.98

GRAND TOTAL FRINGE BENEFIT DEFICIENCY:                                                $   10,448.98
                                                                                     $   27,776.88

Page 2 of 2

9/11/2007

EXHIBIT "C"

## HOURS EXPENDED BY COUNSEL

11/10/07
    JMS    Drafted, revised and finalized Summons and Complaint for delinquent contributions; Prepared civil cover sheet and Rule 1.9 Statement to be filed with court    2.5 hrs

12/26/07
    JMS    Prepared Summons with Proof of Service for filing through ECF System with copy to Clerk of Court    0.25 hrs

1/8/07
    JMS    Prepared Default Judgment Motion for filing and service on Defendant    3.0 hrs

**Total:**    **5.75 hrs**